IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OLGA M. NATAL ROSADO,<br><br>    *Plaintiff,*<br><br>*v.*<br><br>DEKALB COUNTY SCHOOL DISTRICT,<br><br>    *Defendant.* | Civ. Action No.<br>1:23-cv-3761-TWT-JKL |

**DEFENDANT'S OBJECTIONS TO THE NON-FINAL REPORT
& RECOMMENDATION**

Defendant DeKalb County School District (DCSD) files these Objections to the Non-Final Report and Recommendation (R&R) issued by Magistrate Judge John K. Larkins III on July 26, 2024 (Doc. 26).

**FACTS AND PROCEDURAL HISTORY**

**I.   Procedural background**

After resigning her position as an English Learner Success Facilitator, Plaintiff Olga Natal Rosado filed an EEOC charge alleging discrimination and retaliation against her by DCSD. Doc. 13-1 at 1. In the "Discrimination Based on Box" she marked national origin, age, and retaliation. *Id.* In her statement of facts, after describing her history of rejected applications for promotions, she stated, in pertinent part, "I believe that I have been discriminated against because of my Hispanic heritage/ national origin (Puerto Rican)." *Id.* The EEOC issued Natal Rosado a right-to-sue letter on May 25, 2023. Doc. 13-2 at 1.

Natal Rosado then initiated this action by filing her Complaint, which she later amended. *See* Doc. 1; Doc. 13.[1] She brought claims for national origin discrimination and disparate impact under Title VII of the Civil Rights Act of 1964 (Counts I and IA); race discrimination and disparate impact under Title VII (Counts II and IIA); retaliation under Title VII (Count III); race discrimination under 42 U.S.C. § 1981 (Count IV); and retaliation under § 1981 (Count V); age discrimination and disparate impact under the Age Discrimination in Employment Act (ADEA) (Count VI and VIA). Doc. 13 ¶¶ 22–79.

After briefing on DCSD's motion for judgment on the pleadings, Magistrate Judge Larkins recommended dismissing (1) the Title VII and ADEA counts to the extent they rely on post-charge acts of discrimination or retaliation; (2) the Title VII and ADEA counts to the extent they rely on alleged discrimination prior to May 28, 2020; (3) Counts III and V to the extent they are premised on the theory that Natal Rosado's resignation constituted constructive discharge; and (4) Count VIA. Doc. 26 at 20.

## II. DCSD's Motion for Judgment on the Pleadings

After answering, DCSD filed a motion for partial judgment on pleadings. *See generally* Doc. 17. As relevant to these objections, DCSD argued that Natal Rosado failed to exhaust administrative remedies with regard to her race-based Title VII claims because, in her EEOC charge, "she failed to indicate that she believed she had been discriminated against based on her

---

[1] The differences between her initial and amended complaints are immaterial to these objections. *See* Doc. 17 at 2 n.1.

race, and, in her statement of facts, made no allegations tying any actions by DCSD to her race." Doc. 17 at 7. Natal Rosado responded, arguing that her charge was sufficient to exhaust a race-based claim because she referred to herself as "Hispanic." Doc. 22 at 8–11.

Ultimately, Magistrate Judge Larkins agreed with Natal Rosado that her fleeting reference to her "Hispanic" origin was sufficient to put the EEOC on notice that she intended to pursue a race-based claim. Doc. 26 at 8–9. As the R&R explained, Magistrate Judge Larkins read Natal Rosado's alleged of discrimination based on her "'Hispanic heritage/ national origin'" to "suggest[] that she was complaining about discrimination based on two separate categories." *Id.* at 8. DCSD's motion, the R&R said, relied on "[t]he simple fact that [Natal Rosado] did not check the 'Race' discrimination box on her EEOC complaint," but that failure was insufficient to preclude her from brining race-based claims. *Id.* at 9.

## ARGUMENT

DCSD objects to the portion of the R&R concluding that Natal Rosado sufficiently exhausted her claims of race discrimination under Title VII (Counts II & IIA). *See* Doc. 26 at 6–9. Magistrate Judge Larkins errs in concluding that Natal Rosado's mere reference to her "Hispanic heritage" is sufficient in this context to exhaust a claim of race discrimination and in reducing DCSD's argument to relying on "[t]he simple fact that [Natal Rosado] did not check the 'Race' discrimination box on her EEOC complaint." *Id.* at 9. Accordingly, the Court should overrule the R&R on that issue and dismiss Counts II and IIA as unexhausted.

The permissible scope of the complaint in a Title VII case is limited "by the scope of the EEOC investigation which can reasonably be expected to grow out of those charge." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). That is, a plaintiff may raise only those claims that are "like or related to, or grew out of," the allegations in the charge." *Id.* at 1279–80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989)) (quotation marks omitted). Thus, it is well established that when a plaintiff's EEOC charge raises of claim of discrimination based on her membership in one protected class, a later claim based on her membership in a different protected class is not like or related to the original claim. *Shah v. Dobbs Temporary Servs. Inc. Prostaff Personnel*, No. 1:05-cv-1706, 2006 WL 8432901, at *4 (N.D. Ga. Apr. 24, 2006) (collecting cases) *report and recommendation adopted*, 2006 WL 8432916 (June 28, 2006). This rule applies even as to national origins that have substantial overlap with racial classifications. *See, e.g.*, *Shah v. Dobbs Temp. Servs., Inc.*, No. 1:05-cv-1706, 2007 WL 9701242, at *4 (Indian woman whose racial identity was "Hindu" failed to exhaust claim of national origin discrimination by filing charge of race discrimination against Hindus); *Delly v. H.I.R.E. Inc.*, No. 04 CV 1481(JG), 2004 WL 2297821, at *3–4 (E.D.N.Y. Oct. 13, 2004) (black, Haitian plaintiff's charge of national origin discrimination did not exhaust claim of race discrimination).[2]

---

[2] In resisting this conclusion, Natal Rosado relied primarily on *Deravin v. Kerik*, 335 F.3d 195 (2d Cir. 2003). But in concluding that the plaintiff's charge of race discrimination had sufficiently exhausted his claim of race discrimination, the *Deravin* court relied primarily on the specific allegations of the charge, which described differing treatment between white and non-white employees. 355 F.3d at 201–02. It is thus not analogous to Natal Rosado's charge, which contained no allegations of disparate treatment and merely recited that she discriminated against based on Puerto Rican origin. Doc. 13-1 at 1.

Magistrate Judge Larkin's conclusion that any reference Latin American or Hispanic origin is sufficient to exhaust a race-based claim all but eliminates any distinction between race and national origin. To be sure, in many cases this distinction is difficult to draw. *See Village of Freeport v. Barrella*, 814 F.3d 594, 607 (2d Cir. 2016) (recognizing that "courts and litigants alike have struggled with the proper characterization of claims based on Hispanicity").[3] But adopting this view of the exhaustion requirement would undermine its purpose, which is to put the EEOC and the employer on notice of the specific claims against it, in order to encourage conciliation or voluntary compliance. *See Gregory*, 355 F.3d at 1279. Accordingly, the Court should reject the R&R to the extent it concludes that Natal Rosado properly exhausted her race-based Title VII claims (Count II and IIA).

## CONCLUSION

Because Magistrate Judge Larkins erred in concluding that Natal Rosado's claim of national origin discrimination in her EEOC was sufficient to exhaust a claim based on a different protected class, this Court should reject the R&R as to that issue and dismiss Natal Rosado's Title VII race-based claims.

Respectfully submitted this 9th day of August, 2024.

---

[3] Although not briefed before the magistrate judge, it is not clear that Hispanicity constitutes a race within the meaning of Title VII. *See Barrella*, 814 F.3d at 606–07 (analyzing whether Hispanic origin is a "race" within the meaning of Title VII); *Amos v. Tyson Foods, Inc.*, 153 F. App'x 637, 643–45 (11th Cir. 2005) (analyzing claim of discrimination against Hispanic employees as one of national-origin discrimination); *Garcia v. Gloor*, 618 F.2d 264, 267–71 (5th Cir. 1980) (same).

|  | HALL BOOTH SMITH, P.C. |
|---|---|
| | /s/ Dylan Magruder |
| 191 Peachtree Street NE | ALLISON C. AVERBUCH |
| Suite 2900 | Georgia Bar No. 275988 |
| Atlanta, Georgia 30303 | DYLAN MAGRUDER |
| Phone: (404) 954-5000 | Georgia Bar No. 810717 |
| Fax: (404) 954-5020 | *Counsel for DeKalb County School* |
| aaverbuch@hallboothsmith.com | *District* |
| dmagruder@hallboothsmith.com | |

## CERTIFICATE OF COMPLIANCE

Counsel for Defendant DeKalb County School District certifies that the foregoing brief is set in 13-point Century Schoolbook type and is under 25 pages, in compliance with Local Rules 5.1(B) and 7.1(D).

Dated August 9, 2024.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
aaverbuch@hallboothsmith.com
dmagruder@hallboothsmith.com

*/s/ Dylan Magruder*
ALLISON C. AVERBUCH
Georgia Bar No. 275988
DYLAN MAGRUDER
Georgia Bar No. 810717
*Counsel for DeKalb County School District*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT'S OBJECTIONS TO THE FINAL REPORT AND RECOMMENDATION** upon all counsel of record by electronically filing same with the CM/ECF filing system, and that service of the following individuals will be accomplished by CM/ECF system:

> Drew Mosley
> 279 W. Crogan Street
> Lawrenceville, Georgia 30046
> drew@mlawmail.com
> *Attorney for Plaintiff*

Dated August 9, 2024.

**HALL BOOTH SMITH, P.C.**

*/s/ Dylan Magruder*

191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
Phone: (404) 954-5000
Fax: (404) 954-5020
aaverbuch@hallboothsmith.com
dmagruder@hallboothsmith.com

ALLISON C. AVERBUCH
Georgia Bar No. 275988
DYLAN MAGRUDER
Georgia Bar No. 810717
*Counsel for DeKalb County School District*