# IN THE UNITED STATES DISTRICT COURT
# THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DR. OLGA M. NATAL ROSADO, ) | |
| ) | Civil Action No.: |
| PLAINTIFF, ) | 1:23-cv-03761-TWT |
| ) | |
| v. ) | |
| ) | |
| DEKALB COUNTY SCHOOL, ) | |
| DISTRICT, ) | |
| ) | |
| DEFENDANT. ) | |

## PLAINTIFF'S OBJECTIONS TO
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW, the Plaintiff Dr. Olga M. Natal Rosado, in the above-referenced case, and files this, her Objections to the Magistrate Judge's Report and Recommendation, showing the Court as follows:

    **B.**    **Post-EEOC Charge Allegations (Counts I, I-A, II, II-A, III, VI, and VI-A).**

OBJECTION 1: Plaintiff objects to the conclusion that "Defendant is entitled to judgment as a matter of law on Plaintiff's Title VII and ADEA discrimination claims (Counts I, I-A, II, II-A, VI and VI-A) and Plaintiff's Title VII retaliation claim (Count III) to the extent those claims are based on the denials of her June 2023

applications." R & R [Doc. 26, at 13]. The Magistrate Judge's reasoning is not sound.

OBJECTION 1 SUBSECTION A: First, what the "Determination and Notice of Rights" in this case states has been ignored. This document is Doc. 13-2 and referenced at paragraph 17 of the Amended Complaint [Doc. 13]. It states, "This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no findings as to the merits of any other issues that might be construed as having been raised by this charge" [Doc. 13-2, at 1]. The use of the phase "any other issues that *might be construed as having been raised by this charge* [emphasis added]" is different and broader than the "reasonably been expected to have been part of the EEOC investigation" language used by the Magistrate Judge. The Magistrate Judge's language may come from case law, but those cases are thus distinct from the present one to this extent. The "Determination and Notice of Rights" states that it "replaces EEOC FORMS 161 & 161-A," [Doc. 13-2, at 1], though it does not provide a date with that detail. Suffice it to say, in the light most favorable to Plaintiff, the Notice of Rights here requires treatment of its content that cannot simply rely on prior case law alone.

OBJECTION 1 SUBSECTION B: Accompanying the "Determination and Notice of Rights" is the "Information Related to Filing Suit Under the Laws

Enforced by the EEOC," which indicates it is "Enclosure with EEOC Notice of Closure and Rights" version "(01/22)," [Doc. 13-2, at 3]. This is more recent than each case cited by the Magistrate Judge on the issue except *Ellison v. Postmaster Gen., United States Postal Serv.*, No. 20-13112, 2022 WL 4726121, at *8 (11th Cir. Oct. 3, 2022). Further, Ellison appears to rely on the *Gregory*-based language relied on by the Magistrate Judge: "A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotation marks omitted)," *Ellison*, at 8.

OBJECTION 1 SUBSECTION C: The "Information Related to Filing Suit Under the Laws Enforced by the EEOC" states, "If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in the court **within 90 days of the date you *receive* this Notice**," [Doc. 13-2, at 3]. Note that the language specifies a suit "against the respondent(s) named in the charge," without limitation. The "Information Relating to Filing Suit Under the Laws Enforced by the EEOC" further states, "Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost," *Id*. The clear implication here is that this notice is a ticket into court. Nowhere does the "Determination and Notice of Rights" or the "Information Related to Filing Suit

Under the Laws Enforced by the EEOC" state that subsequent activity may need a new charge. Why would a person who filed a charge think that, when they had as here already indicated "DISCRIMINATION BASED ON (Check appropriate box(es).) … [X] RETALIATION" [Doc. 13-1, at 1]?

OBJECTION 1 SUBSECTION D: "CP Enclosure with EEOC Form 5 (11/09)," the information form filed with the charge, states "Charges may be clarified or amplified later by amendment," [Doc. 13-1, at 2]. This language using "may" is permissive and not mandatory. Further, it does not say the clarification or amplification by later amendment may not be in court rather than at the EEOC.

OBJECTION 1 SUBSECTION E: The Magistrate Judge says, "[Plaintiff] asserts the June 2023 applications are reasonably related to her 2020 EEOC charge, but she fails to explain how they are related or cite any support for her argument," R&R [Doc. 26], at 12. The Magistrate Judge forgets that Natal argued in her response brief that, "[she] can raise a claim of discrimination based on the denial of her June 2023 applications because the June 2023 applications are reasonably related to [her] charge and without material differences from what she describes in the charge as having experienced since 2015," [Doc. 22, at 10].

Natal cited to the well-reasoned Middle District of Florida case *Baskerville v. Secretary of Department of Veteran Affairs*:

> The Court dismisses Defendant's argument, based on the unpublished opinion *Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889 (11th Cir. 2014), that the like-or-reasonably related exception applies "only if the unexhausted claim occurs after [the] plaintiff sues in federal court." (Doc. 24, p. 6.) Of course, unpublished opinions are not binding authority,[] and *Duble*'s narrowing of this "exception" runs contrary to its expressed reluctance "to allow procedural technicalities to bar claims brought under [Title VII]." *Gregory*, 355 F.3d at 1280 (alteration in original) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).[] So Defendant's argument fails, and Plaintiff's retaliation claim based on his termination may proceed.

*Baskerville v. Secretary of Department of Veteran Affairs*, 377 F.Supp.3d 1331, 1336 (2019); 2019 Fair Empl.Prac.Cas. (BNA) 163,929, quoted in Doc. 22, at 11-23.

*Baskerville* goes on:

> When it comes to exhaustion, the Eleventh Circuit has stated that demanding "literal compliance does not always effectuate the purpose of the requirement, which is to promote informal settlements." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). "One such area in which [the Eleventh Circuit] has recognized that strict compliance with Title VII is unnecessary is where the plaintiff has filed a charge with the EEOC, but in her judicial action the plaintiff raises related issues as to which no filing has been made." *Id*. There, "[a]s long as allegations in the judicial complaint and proof are 'reasonably related' to charges in the administrative filing and 'no material differences' between them exist, the court will entertain them." *Id*. (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)).

<u>Baskerville</u>, at 1335, quoted in Doc. 22, at 12.

This reasoning is rock solid because it recognizes the significance of the *Gupta/Baker* exception is not foremost about chronology but about retaliation. As the Magistrate Judge wrote:

> Under the "*Gupta/Baker* exception," it is, however, "unnecessary for a plaintiff to exhaust administrative remedies prior to filing a judicial claim of retaliation if that claim grew out of an earlier charge" that is properly before the court. *Duble*, 572 F. App'x at 892 (quotation marks omitted).

R&R [Doc. 26], at 10-11.  Query how can a retaliation claim based on complaints referenced in Natal's filed charge, i.e., later denial of employment applications based on prior protected complaints referenced in the charge, not have grown out of the earlier charge?  It cannot be said there is *no* relation.  Therefore, a gracious construction must be made.  There is no material difference between the application denials within the charge and those later.  The difference is simply one of time, which is not material, because if it were, there could be no *Gupta/Baker* exception in the first place.  *Gupta/Baker* is about *later* events as it refers to retaliation that "grew out of an *earlier* charge [emphasis added]," *Id*.  Would it not be odd for there to be an exception to the *Gupta/Baker* exception that excluded earlier events (those between right to sue letter and filing of case) but not later ones (those after the case has been filed)?  If chronology is not the criterion but rather relatedness, it would be odd.  Therefore, *Baskerville* has right what the referenced unpublished Eleventh Circuit cases have not yet properly worked out.  It allows for a more cohesive jurisprudence.  Everywhere else temporal proximity tends toward relatedness and not away from it, and so should be the case here.  One more reason is that it makes no more sense to

send a claimant right back to the EEOC after they have been issued their right to sue than it does once they are already in court.

As the Magistrate Judge wrote in III. Discussion, A. Race Discrimination Claims (Counts II, II-A):

> Before filing a Title VII lawsuit, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1339-40 (11th Cir. 2017). The purpose of this step is to allow the EEOC to "have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quotation marks omitted). The judicial complaint is then "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280 (quotation marks omitted). The scope "should not be strictly interpreted," and the proper inquiry for this Court is whether the complaint "was like or related to, or grew out of, the allegations contained in her EEOC charge." *Id.* Procedural defects, such as a failure to check a box, "are not to stand in the way of Title VII complainants." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970).

R&R [Doc. 26], at 7-8.  The Magistrate Judge thus had it right in the race section, A, and the reasoning should be carried to B. Post-EEOC Charge Allegations (Count I, I-A, II, II-A, III, VI, and VI-A).  There is, after all, a "CONTINUING ACTION" box on the charge [Doc 13-1, at 1].  It is not checked, but the subsequent application denials were not yet known at the time of the charge's drafting.  In any event,

"Procedural defects, such as a failure to check a box, 'are not to stand in the way of Title VII complainants,'" R&R [Doc. 26], at 8.

OBJECTION 1 SUBSECTION F: For all the foregoing reasons, the actual language of the documents in this case, the omitted briefing from Natal, and the objection argumentation herein, the Post-EEOC Charge Allegations should be allowed and judgment as a matter of law should not be granted on them. Even if the District Court should find that the law does not support her position on first look, her Post-EEOC-Charge Allegations should be tolled and allowed in this case based on its specific facts.

### D. Title VII and § 1981 Retaliation Claims Based on Constructive Discharge (Counts III and V)

OBJECTION 2: The Magistrate Judge first says, Plaintiff can satisfy the adverse action requirement through a theory of constructive discharge by showing that a 'reasonable person in [her] position would have felt compelled to resign," citing *Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261 1268 (11th Cir. 2021). Plaintiff clearly did feel compelled to resign, and she was not unreasonable. Therefore, the Magistrate Judge has erred.

The U.S. Supreme Court recently looked at minimization of harm in the employment context in *Muldrow v. St. Louis*. There it observed:

> The court re-quired Muldrow to show that the allegedly discriminatory transfer out of the Intelligence Division produced a signifi-cant employment disadvantage.… As we have explained, that is the wrong standard. Muldrow need show only some injury respecting her employment terms or conditions. The transfer must have left her worse off, but need not have left her significantly so.

*Muldrow v. City of St. Louis, Missouri, et al.*, Slip Opinion, at 10 (Decided April 17, 2024). The Magistrate Judge has made an error similar to that made by the Eighth Circuit in *Muldrow*.

While *Muldrow* is not a constructive discharge case, it shows the same kind of minimization demonstrated by the Magistrate Judge herein. The Magistrate Judge first says:

> In the facts section, Plaintiff alleges that she "performed different duties outside her job description," she was denied opportunities to be considered for different promotional positions, she complained about discriminatory practices and was ignored, and in August 2020, was "constructively discharged." (Am. Comp. ¶¶ 7, 10-11, 14.) Under Count III ("Retaliation Discrimination Under Title VII"), Plaintiff alleges that she "suffered adverse employment action in being blacklisted and rejected from advancement and hiring" and that there "was a causal connection between the protected complaints and conduct, including but not limited to, having to resign in a constructive termination situation." (Id. ¶¶ 46-47.)

R&R [Doc. 26], at 15. The Magistrate Judge then reduces the situation:

> [Natal] references performing duties outside her job description and being passed over for positions, but this "does not paint a picture of intense, intolerable harassment usually seen in cases of constructive discharge." See Davis, 19 F.4th at 1268.

R&R [Doc. 26], at 16.

The Magistrate Judge ignores that Natal has been tormented for years by the discriminatory hobbling of her career by Defendant. "Since 2015, Natal began applying for several different promotional positions for which she was qualified, but for which she was denied the opportunity to be considered for interview. Charge Sentence 3." Amended Complaint [Doc. 13], para 10. Natal filed her charge November 24, 2020. The Magistrate Judge thus failed to consider that in this case the never-ending torment suffered by Natal was not such as a reasonable person could have endured. Therefore, the District Court should reverse this determination that Natal cannot show constructive discharge for her retaliation claims.

WHEREFORE, Plaintiff respectfully requests that the Court sustain her objections and correct the Magistrate Judge's Report and Recommendation in its Order.

Respectfully submitted this 6th day of September, 2024,

/s/ Drew Mosley
Drew Mosley
Georgia Bar No. 526406
DREW MOSLEY, LLC
279 W. Crogan St.
Lawrenceville, GA 30046
T: (678) 225-0098
F: (678) 221-0230
E: drew@mlawmail.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

Allison C. Averbuch
Dylan Magruder
Hall Booth Smith, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
aaverbuch@hallboothsmith.com
dmagruder@hallboothsmith.com

This 6th day of September, 2024.

/s/ Drew Mosley
Drew Mosley
Georgia Bar No. 526406

DREW MOSLEY, LLC
279 W. Crogan St.
Lawrenceville, Georgia 30046
T:  (678) 225-0098
F:  (678) 221-0230
E:  drew@mlawmail.com