# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| OLGA M. NATAL ROSADO,<br><br>*Plaintiff,*<br><br>v.<br><br>DEKALB COUNTY SCHOOL DISTRICT,<br><br>*Defendant.* | Civ. Action No.<br>1:23-cv-3761-TWT-JKL |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE NON-FINAL REPORT & RECOMMENDATION

Plaintiff Olga M. Natal Rosado (Natal) responds to Defendant DeKalb County School District (DCSD)'s Objections to the Non-Final Report and Recommendation (R&R) issued by Magistrate Judge John K. Larkins III on July 26, 2024 (Doc. 26), as follows:

### FACTS AND PROCEDURAL HISTORY[1]

**I.    Procedural background**

After being constructively terminated from her position as an English Learner Success Facilitator, Plaintiff Natal filed an EEOC charge alleging discrimination and retaliation against her by DCSD. Doc. 13-1 at 1. In the "Discrimination Based on Box" she marked national origin, age, and retaliation. *Id.* In her statement of facts, after describing her history of rejected applications for promotions, she stated, in pertinent part, "I believe that I have been discriminated against because of my Hispanic heritage/ national origin (Puerto Rican)." *Id.* The EEOC issued Natal Rosado a right-to-sue letter on May 25, 2023. Doc. 13-2 at 1.

---

[1] This Response tracks DCSD's Objections very closely but has important differences.

Natal Rosado then initiated this action by filing her Complaint, which she later amended. *See* Doc. 1; Doc. 13.[2] She brought claims for national origin discrimination and disparate impact under Title VII of the Civil Rights Act of 1964 (Counts I and IA); race discrimination and disparate impact under Title VII (Counts II and IIA); retaliation under Title VII (Count III); race discrimination under 42 U.S.C. § 1981 (Count IV); and retaliation under § 1981 (Count V); and age discrimination and disparate impact under the Age Discrimination in Employment Act (ADEA) (Count VI and VIA). Doc. 13 ¶¶ 22–79.

After briefing on DCSD's motion for judgment on the pleadings, Magistrate Judge Larkins recommended dismissing (1) the Title VII and ADEA counts to the extent they rely on post-charge acts of discrimination or retaliation; (2) the Title VII and ADEA counts to the extent they rely on alleged discrimination prior to May 28, 2020; (3) Counts III and V to the extent they are premised on the theory that Natal Rosado's resignation constituted constructive discharge; and (4) Count VIA. Doc. 26 at 20.

## II. DCSD's Motion for Judgment on the Pleadings

After answering, DCSD filed a motion for partial judgment on pleadings. *See generally* Doc. 17. As relevant to these objections, DCSD argued that Natal Rosado failed to exhaust administrative remedies with regard to her race-based Title VII claims because, in her EEOC charge, "she failed to indicate that she believed she had been discriminated against based on her race, and, in her statement of facts, made no allegations tying any actions by DCSD to her race." Doc. 17 at 7. Natal Rosado responded, arguing that her

---

[2] Plaintiff does not dispute that the differences between her initial and amended complaints are immaterial to these objections. See Doc. 17 at 2 n. See also Doc.22 at 3 n.

charge was sufficient to exhaust a race-based claim because she referred to herself as "Hispanic." Doc. 22 at 8–10.

Ultimately, Magistrate Judge Larkins agreed with Natal Rosado that her reference[3] to her "Hispanic" origin was sufficient to put the EEOC on notice that she intended to pursue a race-based claim. Doc. 26 at 8–9. As the R&R explained, Magistrate Judge Larkins read Natal Rosado's allegation of discrimination based on her "'Hispanic heritage/ national origin'" to "suggest[] that she was complaining about discrimination based on two separate categories." *Id.* at 8. DCSD's motion, the R&R said, relied on "[t]he simple fact that [Natal Rosado] did not check the 'Race' discrimination box on her EEOC complaint," but that failure was insufficient to preclude her from brining race-based claims. *Id.* at 9.

## ARGUMENT

DCSD objected to the portion of the R&R concluding that Natal Rosado sufficiently exhausted her claims of race discrimination under Title VII (Counts II & IIA). *See* Doc. 26 at 6–9. DCSD contends Magistrate Judge Larkins erred in concluding that Natal Rosado's reference[4] to her "Hispanic heritage" is sufficient in this context to exhaust a claim of race discrimination and in reducing DCSD's argument to relying on "[t]he simple fact that [Natal Rosado] did not check the 'Race' discrimination box on her EEOC complaint." *Id.* at 9. Because DCSD's argument is without substance, the Court should not overrule the R&R on that issue and dismiss Counts II and IIA as unexhausted, but rather should leave the R&R undisturbed on this issue

---

[3] DCSD refers to this reference as "fleeting," but that mischaracterizes the reference. In a short EEOC charge, the characterization of any word as a fleeting reference fails to recognize the brief nature of the charge itself.

[4] DCSD refers to the reference as a "mere" reference, but as in fn. 3, a reference is a reference in an EEOC Charge.

without any dismissals.

The permissible scope of the complaint in a Title VII case is limited "by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). That is, a plaintiff may raise only those claims that are "like or related to, or grew out of," the allegations in the charge." *Id.* at 1279–80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989)) (quotation marks omitted). DCSD argues it is well established that when a plaintiff's EEOC charge raises of claim of discrimination based on her membership in one protected class, a later claim based on her membership in a different protected class is not like or related to the original claim, citing *Shah v. Dobbs Temporary Servs. Inc. Prostaff Personnel*, No. 1:05-cv-1706, 2006 WL 8432901, at *4 (N.D. Ga. Apr. 24, 2006) (collecting cases) *report and recommendation adopted*, 2006 WL 8432916 (June 28, 2006). DCSD further argues this rule applies even as to national origins that have substantial overlap with racial classifications, citing *See, e.g.*, *Shah v. Dobbs Temp. Servs., Inc.*, No. 1:05-cv-1706, 2007 WL 9701242, at *4 (Indian woman whose racial identity was "Hindu" failed to exhaust claim of national origin discrimination by filing charge of race discrimination against Hindus); *Delly v. H.I.R.E. Inc.*, No. 04 CV 1481(JG), 2004 WL 2297821, at *3–4 (E.D.N.Y. Oct. 13, 2004) (black, Haitian plaintiff's charge of national origin discrimination did not exhaust claim of race discrimination).[5]

---

[5] DCSD notes that in resisting the conclusion that Natal had not exhausted the race issue, Natal relied primarily on *Deravin v. Kerik*, 335 F.3d 195 (2d Cir. 2003). But in concluding that the plaintiff's charge of race discrimination had sufficiently exhausted his claim of race discrimination, the *Deravin* court relied primarily on the specific allegations of the charge, which described differing treatment between white and non-white employees. 355 F.3d at

The problem for DCSD is that Natal did what these other charging parties did not. She explicitly did mention her Hispanic race and discrimination based on it, sans checking the box, which caselaw clearly overlooks. As Plaintiff argued in her surreply,[6] which was allowed, it is as if DCSD is applying a sort of confused ejusdem generis argument whereby items in a group are not of the same kind, but rather the same. But, that leads to an absurd result. If there is an intent to list multiple items, why would they be assumed to be the same? Here the words "national origin" and "Hispanic heritage" are like in that they are each a basis of discrimination, but they are not the same one: One is a national origin specified as Puerto Rican; the other is a racial designation, heritable Hispanic ancestry.

While DCSD claims Magistrate Judge Larkin's conclusion that any reference to Latin American or Hispanic origin is sufficient to exhaust a race-based claim all but eliminates any distinction between race and national origin, DCSD is trying to suggest a theoretical false dichotomy that definitely is not at issue in the instant case because of the wording and sentence structure used by Natal. DCSD admits that in many cases the race/national origin distinction is difficult to draw, citing *See Village of Freeport v. Barrella*, 814 F.3d 594, 607 (2d Cir. 2016) (recognizing that "courts and litigants alike

---

201–02. DCDS then argues it is thus not analogous to Natal Rosado's charge, which contained no allegations of disparate treatment and merely recited that she was discriminated against based on Puerto Rican origin, citing Doc. 13-1 at 1. DCSD has made a distinction that simply does not apply to the instant case. Natal said, "I believe that I have been discriminated against because of my Hispanic heritage/ national origin (Puerto Rican), in violation of Title VII of the Civil Rights Act of 1964, as amended," Doc. 13-1 at 1. DCSD wants to strictly construe something that is not to be strictly construed, and even if the construction were strict, the mention of two things separately ("Hispanic heritage/ national origin (Puerto Rican)") indicates those two things are distinct and not the same.

[6] Doc. 25-1, at 2.

have struggled with the proper characterization of claims based on Hispanicity"), [7] but fails to appreciate that supports Magistrate Judge Larkin's analysis. Adopting this view of the exhaustion requirement does not undermine its purpose, which is, as stated by DCSD, to put the EEOC and the employer on notice of the specific claims against it, in order to encourage conciliation or voluntary compliance, citing *See Gregory*, 355 F.3d at 1279. Natal contends her mention of race is clear; however, were it not, the ambiguity would call for DCSD and the EEOC alike to explore both possibilities. Accordingly, the Court should accept the R&R to the extent it concludes that Natal properly exhausted her race-based Title VII claims (Count II and IIA).

Additional cases are also supportive of Plaintiff's position:

> Here, while Plaintiff's charge did not check the box "race," the narrative portion of the charge states "I believe I am being discriminated against because of my national origin/Hispanic." By using the term "Hispanic," the EEOC was put on notice to investigate her claims of race discrimination. See Bravo v. American Honda Finance Corp., No. 3:10-cv-64, 2010 U.S. Dist. LEXIS 63135, 2010 WL 2572862, at *2 (W.D.N.C. Jun.24, 2010) (finding that "race" and "national origin" are reasonably related when plaintiff may have been unsure of whether to classify Hispanic as "race" or "national origin" and thus, failed to check the box "race" on her EEOC charge, but was adamant in the charge that she was discharged because of her Hispanic nationality); Torres v. City of Chicago, No. 99 C 6622, 2000 U.S. Dist. LEXIS 6000, 2000 WL 549588, at * 2 (N.D. Ill. May

---

[7] DCSD says that although not briefed before the magistrate judge, it is not clear that Hispanicity constitutes a race within the meaning of Title VII, citing *See Barrella*, 814 F.3d (2nd Cir.) at 606–07 (analyzing whether Hispanic origin is a "race" within the meaning of Title VII); *Amos v. Tyson Foods, Inc.*, 153 F. App'x 637, 643–45 (11th Cir. 2005) (analyzing claim of discrimination against Hispanic employees as one of national-origin discrimination); *Garcia v. Gloor*, 618 F.2d 264, 267–71 (5th Cir. 1980) (same). However, none of these citations, if in fact correctly cited, preclude the Court from finding race invoked in the EEOC charge on the facts of the instant case.

1, 2000) (noting that while the term [*30] "Hispanic" does not literally designate either race or national origin, it is understood to imply both and therefore found that EEOC could be expected to investigate race claim based on allegation in EEOC charge of national origin discrimination). **7** Furthermore, the evidence remains the same with respect to both the national origin and race discrimination claims, thus any investigation by the EEOC into either race or national origin discrimination would have revealed the same evidence.

*Alvarado v. Boca Raton Cmty. Hosp.*, No. 09-81598-CIV, 2010 U.S. Dist. LEXIS 106678, at *29-30 (S.D. Fla. Oct. 6, 2010).

> Going beyond the distinction between "race" and "national origin" generally, the Union and Pasco argue that "Hispanic" is not a racial classification, and thus Plaintiff Booth's race claims should be thrown out. However, "Hispanic" is often understood to refer to someone's race. *Alonzo v. Chase Manhattan Bank,* 25 F. Supp. 2d 455 (S.D. N.Y. 1998). The plaintiff in *Alonzo* only used the term "Hispanic" in his EEOC charge, and the court refused to dismiss his complaint and held that the charge of discrimination encompassed both race and national origin claims. *Id.* at 460. The court determined that the terms "Hispanic" and "Hispanic origin" could encompass claims for both race and national origin discrimination. *Id.* at 459. The common use of the term "Hispanic" has blurred the line between race and national origin discrimination. *Salas v. Wisconsin Dept. Of Corr.* 493 F.3d 913 (7th Cir. 2007).
>
> Plaintiff Booth used the term "Hispanic background" in his claim. The term "Hispanic [*27] background" encompasses both race and national origin discrimination claims. Furthermore, where claims are based on identical facts, just as they are in Plaintiff Booth's Complaint, the claims are related. *Grey v. City of Norwalk Bd. Of Education,* 304 F. Supp. 2d 314, 323 (D.Conn. 2004).

*Booth v. Pasco Cnty.*, No. 8:09-CV-02621-T-30TBM, 2010 U.S. Dist. LEXIS 80287, at *26-27 (M.D. Fla. July 13, 2010).

I have used "ethnicity" or "ethnic identity" to describe a juror's Hispanic origin wherever possible, but in some instances the case law refers to a juror's Hispanic "race." However, the Supreme Court appears to use "race" and "ethnicity" interchangeably in the Batson context, at least when discrimination against jurors of Hispanic or Latino origin is at issue. See United States v. Martinez-Salazar, 528 U.S. 304, 315, 145 L. Ed. 2d 792, 120 S. Ct. 774 (2000) ("Under the Equal Protection Clause, a defendant may not exercise a peremptory challenge to remove a potential juror solely on the basis of the juror's gender, ethnic origin, or race."). Compare Hernandez v. New York, 500 U.S. 352, 355, 114 L. Ed. 2d 395, 111 S. Ct. 1859 (1991) (plurality opinion) (stating that a Batson violation would occur if "the prosecutor in [the petitioner's%) criminal trial exercised peremptory challenges to exclude Latinos from the jury by reason of their ethnicity"), with id. at 372 (O'Connor, J., concurring in the judgment) ("In order to demonstrate [a Batson] violation, Hernandez must prove that the prosecutor intentionally discriminated against Hispanic jurors on the basis of their race.").

*United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1052 n.8 (11th Cir. 2005).

## CONCLUSION

Because Magistrate Judge Larkins did not err by, as DCSD alleges with tortured wording, concluding that Natal Rosado's claim of national origin discrimination in her EEOC was sufficient to exhaust a claim based on a different protected class, this Court should accept the R&R as to that issue and not dismiss Natal Rosado's Title VII race-based claims. Natal properly raised the issue of discrimination based on race, and Magistrate Judge Larkins reported and recommended properly on this issue.

Respectfully submitted this 17th day of September, 2024.

**DREW MOSLEY, LLC**

279 W. Crogan St.
Lawrenceville, GA 30046
Phone: (678) 225-0098
Fax: (678) 221-0230
drew@mlawmail.com

*/s/ Drew Mosley*
DREW MOSLEY
Georgia Bar No. 526406
*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Counsel for Plaintiff Olga M. Natal Rosado certifies that the foregoing brief is set in 13-point Century Schoolbook type and is under 25 pages, in compliance with Local Rules 5.1(B) and 7.1(D).

Dated September 17, 2024.

**DREW MOSLEY, LLC**

279 W. Crogan St.
Lawrenceville, GA 30046
Phone: (678) 225-0098
Fax: (678) 221-0230
drew@mlawmail.com

*/s/ Drew Mosley*
DREW MOSLEY
Georgia Bar No. 526406
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE FINAL REPORT AND RECOMMENDATION upon all counsel of record by electronically filing same with the CM/ECF filing system, and that service of the following individuals will be accomplished by CM/ECF system:

Allison C. Averbuch
Dylan Magruder
Hall Booth Smith, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
aaverbuch@hallboothsmith.com
dmagruder@hallboothsmith.com

Dated September 17, 2024.

**DREW MOSLEY, L L C**

279 W. Crogan St.
Lawrenceville, GA 30046
Phone: (678) 225-0098
Fax: (678) 221-0230
drew@mlawmail.com

*/s/ Drew Mosley*
DREW MOSLEY
Georgia Bar No. 526406
*Counsel for Plaintiff*