# IN THE UNITED STATES DISTRICT COURT
# THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DR. OLGA M. NATAL ROSADO, ) | |
| ) | Civil Action No.: |
| PLAINTIFF, ) | 1:23-cv-03761-TWT |
| ) | |
| v. ) | |
| ) | |
| DEKALB COUNTY SCHOOL, ) | |
| DISTRICT, ) | |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

COMES NOW, the Plaintiff Dr. Olga M. Natal Rosado, in the above-referenced case, and files this, her Reply to Defendant's Response to her Objections to the Magistrate Judge's Report and Recommendation, showing the Court as follows:

Even if *Gupta* and *Baker*[1] are limited to their facts, the court properly reasons from those cases here for lack of other published authority. *Gupta* and *Baker*, which

---

[1] *Gupta v. E. Tx. State Univ.*, 654 F.2d 411 (5th Cir. 1981); *Baker v. Buckeye Cellulose Corp.*, 856 F.3d 167 (11th Cir. 1988).

are well established cases, do provide a basis for rejecting the magistrate judge's conclusions.

Furthermore, Defendant misreads *Morgan*, which held:

> We conclude that a Title [****41] VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period -- 180 or 300 days -- set forth in 42 U.S.C. § 2000e-5(e)(1). A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period. Neither holding, however, precludes a court from applying equitable doctrines that may toll or limit the time period.

*AMTRAK v. Morgan*, 536 U.S. 101, 122, 122 S. Ct. 2061, 2077 (2002).  So, far from abrogating *Baker* and *Gupta*, *Morgan* appears to explicitly support them with its language that, "Neither [of its other] holding[s]… preclude[] a court from applying equitable doctrines that may toll or limit the time period." *Id*.

There remains a question, also, whether *Morgan* reaches *Baker* and *Gupta* in the first place.  *Morgan* may only apply looking back from the 180- or 300-day period, not forward.  It makes, after all, much more sense that acts prior to the 180- or 300-day time period would be barred than ones subsequent to the Defendant and EEOC being placed on notice by EEOC charge of the nature of the charging party's allegations.

If, as it does, the Supreme Court allows that, "[a] charge alleging a hostile work environment claim… will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period," (*Id.*), and thus allows for reaching back in some situations, why would it not allow reaching forward, a much more limited ask, to include post-charge acts "which constitute … the same unlawful employment practice and at least one act falls within the time period." *Id*. Defendant has not explained this, and Plaintiff suggests Defendant cannot reasonably do so.

Furthermore, As the Magistrate Judge wrote in III. Discussion, A. Race Discrimination Claims (Counts II, II-A):

> Before filing a Title VII lawsuit, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1339-40 (11th Cir. 2017). *The purpose of this step is to allow the EEOC to "have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.*" *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quotation marks omitted).

R&R [Doc. 26], at 7. Subsequent discriminatory actions, the later (June 2023) application denials, by Defendant, indicate the "obtaining voluntary compliance" ship had sailed, and thus the EEOC's role was played. Therefore, for this reason as well as the others Plaintiff has provided, for the court to address these claims rather than the EEOC is proper.

WHEREFORE, Plaintiff respectfully requests that the Court sustain her objections and correct the Magistrate Judge's Report and Recommendation in its Order.

Respectfully submitted this 4th day of October, 2024,

/s/ Drew Mosley
Drew Mosley
Georgia Bar No. 526406
DREW MOSLEY, LLC
279 W. Crogan St.
Lawrenceville, GA 30046
T: (678) 225-0098
F: (678) 221-0230
E: drew@mlawmail.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

Allison C. Averbuch
Dylan Magruder
Hall Booth Smith, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303
aaverbuch@hallboothsmith.com
dmagruder@hallboothsmith.com

This 4th day of October, 2024.

/s/ Drew Mosley
Drew Mosley
Georgia Bar No. 526406

DREW MOSLEY, LLC
279 W. Crogan St.
Lawrenceville, Georgia 30046
T:  (678) 225-0098
F:  (678) 221-0230
E:  drew@mlawmail.com